June 21, 1909.

————o————

## No. 4689.

### Court of Appeal, Parish of Orleans.

### JUAN MAGAVERO FOR THE USE AND BENEFIT OF HIS MINOR CHILD, JOSEPH MAGAVERO, VS. TONY CENTANO.

"While the father may be liable for the wrongful act of his minor son under Article 2318 of the Civil Code, it must be shown, in order to render him liable, that the one who had a difficulty with the son was not himself at fault in the trouble which resulted injuriously to the claimant for damages." 111 La. 143.

Appeal from the Civil District Court, Division "B."

A. J. Peters, for Plaintiff and Appellee.

Nix & Fernandez, and Foster, Milling & Godchaux, for Defendant and Appellant.

ESTOPINAL, J. Juan Magavero for the benefit of his hinor child, Joseph Magavero, sues the defendant, Tony Centano, for damages in the sum of One Thousand Five Hundred Dollars $1,500), averring in his petition that on the 15th day of November, 1906, his son, about 7 years old, while on his way from the

—394—

R. E. Lee school to his home, and having a knapsack strapped on his back, was assaulted without provocation by Samuel Centano, aged about 10 years, the son of defendant; that as a result of the assault plaintiff's son was so seriously injured as to require his being sent to the Charity Hospital, where it became necessary to incase his left ankle, which was found to be wrenched, in a plaster of paris cast; that the plaster of paris cast remained on the foot and ankle for more than five weeks, during which time he was confined to his home and unable to attend school; that up to the time of the filing of this suit he was still suffering from the injuries; that he is unable to walk as he did before he was assaulted, and that the injury to the ankle appears to be permanent; that Tony Centano is the father of Samuel Centano, and is liable for the damage caused by the latter to plaintiff's son.

Plaintiff claims the sum of Fifty Dollars ($50) for doctor's bill, the sum of Seven Hundred and Fifty Dollars ($750) for actual damages, consisting of the pain and suffering to his son caused by the assault upon him, and the inconvenience resulting from the plaster of paris cast, which he was obliged to wear on his left ankle, and Seven Hundred Dollars ($700) for exemplary damages.

In his answer defendant avers that his son, Samuel Centano, who is a little over 7 years of age, was teased and struck several times on the knapsack by Joseph Magavero before he took any notice of Magavero; that after being teased by his schoolmates for permitting Magavero to hit him on the knapsack without resenting the assault, that he playfully and without any intention to injure Joseph Magavero, wrestled with him, and that they fell down and Magavero's ankle was wrenched by no fault or intention of his (Centano's). Defendant then recites that he has the kindliest feelings for Magavero and regrets the accident, and though his son was without fault, he was yet willing to do anything to assist plaintiff, and etc.

There was judgment below in favor of plaintiff for Five Hundred Dollars ($500), from which judgment the defendant has appealed. Plaintiff has answered the appeal, asking that the judgment in his favor be for the amount prayed for.

This suit is predicated on Article 2318 of the Civil Code, which provides that the father, and after his decease, the mother, is responsible for the damages occasioned by his minor child residing with him.

We have read the testimony with much care, with a view of gathering from it a clear and definite idea of how this accident to plaintiff's child resulted, but we are frank to confess that efforts have served us but little.

We have been unable to find that the attacks of defendant's son on that of plaintiff were either cruel, painful or persistent; at any rate, not as persistent and continued as counsel contends in brief and in argument.

The testimony of the children, who were about 7 years old when the trouble took place, and whose testimony was given two years later on the trial of the cause, and that of one or two other boys scarcely older, is not of a character, in our opinion, to justify the infliction of a severe punishment on the father of the boy who caused the injury.

It is in evidence that plaintiff's son provoked the trouble which resulted in his injury. The provocation was slight, it is true, consisting of plaintiff's son touching the knapsack of defendant's son. In the eyes of those small 7-year-old boys this was great provocation, and it must be so considered for the purpose of this opinion. Defendant's son, urged on by the other boys, resented the assault and thereafter assumed the aggressive, and for several blocks teased plaintiff's boy. It is not shown that any violent blows were struck, that any bricks, sticks or rocks were used or any bruises inflicted. Finally defendant's son shoved plaintiff's son and the latter fell and wrenched his ankle.

If under the state of facts the father of a small 7-year-old boy is made to pay heavy damages for injuries inflicted on another little 7-year-old boy while scuffling, parentage would entail responsibilities which we do not think is contemplated by the law.

We have been directed to several decisions of our Supreme Court. In none of these cases were the participants 7 years old, and possibly this is the first suit where the father of the injured boy of that age has sued to recover of the father of the assaulting boy of the same age, for daamges.

Perhaps under strict interpretation of the Code, we would not be justified in fixing a line of demarkation as to the age at which the minor may commit a wrongful act for which recovery can be had from the father of the offending minor, but the age of 7 years is so closely associated with babyhood that we question the propriety even if it be permitted by law, of the institution of suit against the father of the offending child for the unfor-

tunate result of a natural and exceedingly common conduct among school children.

We are of opinion, laying aside all consideration of youth, etc., that under our jurisprudence plaintiff has failed to make out a case.

The evidence at best is weak, but it is established by it that plaintiff's son struck the first blow. The defendant's son was teased by his comrades for taking the blow, and then resented.

As before stated, it does not appear that the continued assault alleged in the petition was worthy of notice. No injury of any kind in the shape of bruises, "blackeyes," etc., are shown, and there is no question but that for the shove or trip which caused plaintiff's child to fall and severely sprain his ankle, nothing would have ever been heard, not even by the parents, of this cruel (?) and continued assault.

Our attention is directed by plaintiff's counsel to the case of Marrionneaux vs. Brugier, 35 A. 13, as being a case exactly in point. We do not find it so.

In that case the defense contended that plaintiff's boy was guilty of contributory negligence. The Court said: "We do not see it in that light, and find no room in this case for the application of the principle referred to."

The Court found that the injured boy was on the street when he had a right to be, and had in no way contributed to the accident.

In a late case, Miller vs. Meche 111 La. 143, the Court held:

"The father of a minor convicted of shooting with "intent to kill" may not be liable (despite the conviction) for the injurious act thereby committed by his minor son, in a civil suit, brought after conviction, to recover damages from him.

"While the father may be liable for the wrongful act of his minor son, under Article 2318 of the Civil Code, it must be shown in order to render him liable, that the one who had a difficulty with the son was not himself at fault in the trouble which resulted injuriously to the claimant for damages."

As stated above, the plaintiff's son struck the first blow, and he is not in a position to recover damages for the injuries which were received in the struggle which ensued.

It may be contended that an interval of time and a considerable distance had been covered between the time of plaintiff's son's assault and th time when the latter was thrown and hurt; in other words, that the provocation, if any, was stale. This

would have merit in another case. It must be kept in mind that these were very young children, and they must be treated accordingly.

It is accordingly ordered, adjudged and decreed, that the judgment in favor of defendant, dismissing plaintiff's suit, and for all costs.

Rehearing refused June 28, 1909.

Writ refused by Supreme Court, October 22, 1909.